JAMES WILEY, RESPONDENT, *v.* ELISHA M. BRIGHAM, APPELLANT.

*Account stated — what constitutes — power of referee to allow amendment.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The court at General Term said: "This action is brought on a balance struck or account stated, and also for labor and services since the time when the account was stated. No question seems to be made as to these labors and services since the account stated. The question is, whether under the facts proved there was an account stated between the parties.

"There is no dispute as to the fact that the plaintiff had worked for the defendant for some fifteen years. During that time, about the 3d of April, 1875, the parties had a settlement, and a note was given by the defendant to the plaintiff. It is proved that the defendant, through his clerk, Brewster, occasionally rendered statements to the plaintiff, taken from the defendant's books. The defendant knew that his book-keeper was accustomed to render to workmen and jobbers statements of their accounts, if they called for them; and they did occasionally call for them. He knew that the plaintiff was in the habit of receiving such statements, from time to time, during all the twenty years he had worked for him. And the defendant regarded his book as containing a correct statement of his accounts with the men with whom he had dealings. The book-keeper testified that he rendered these two statements which were produced to the plaintiff, and that they were made from the books. These statements come down respectively to January, 1876, and to May 16, 1876. The second commences with the balance shown on the first. The book-keeper testifies that he was not authorized to agree on any balance.

"About December 20, 1876, the book-keeper, at plaintiff's request, delivered to him a statement of account, purporting to be the account between plaintiff and defendant. Part of this was prepared under the defendant's personal direction. The first

item in this account is the balance shown by the account of May, 1876, above mentioned. The plaintiff at once objected to certain items in this account last rendered.

" Now we think that the referee was justified in holding, as a matter of fact, that under all the circumstances the rendering of the accounts and the acceptance of them made an account stated. The effect of this, as said, ' is to establish *primâ facie* the accuracy of the items without other proof, and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged.' (*Lockwood* v. *Thorne*, 18 N. Y., 285.)

The defendant asked leave to amend his answer by setting up a breach of contract by the plaintiff in 1874 and 1875. The referee declined to grant the motion, giving the defendant, however, the opportunity to make such motion at the Special Term. We see no error in this. (*Ford* v. *Ford*, 35 How., 321.)"

*F. L. Westbrook*, for the appellant. *Van Etten & Clearwater*, for the respondent.

Opinion *per Curiam*.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.